UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ELIZABETH COSGROVE and
LAURIE SALERNO,

                      Plaintiff,

  - against -

COUNTY OF SUFFOLK and SUFFOLK COUNTY
POLICE DEPARTMENT and LT. WILLIAM
HASPER,
                      Defendants.
------------------------------------------------------------------x

**Index No. CV 11-3112**

**REPLY DECLARATION**
**(JFB)(ETB)**

    CHRIS P. TERMINI, an attorney duly admitted to practice law before the Courts of the State of New York and specifically the United States District Court for the Eastern District of New York, declares the following under penalty of perjury:

1. I am an Assistant County Attorney, associated with the office of Dennis M. Cohen, Esq., acting Suffolk County Attorney, attorney of record for the County of Suffolk and Suffolk County Police Department, herein, and as such, I am fully familiar with all the facts and circumstances of this case.

2. I make this Reply Declaration in further support of defendants' motion to dismiss the complaint pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure and to reply to plaintiffs' Opposition to said motion.

3. It is respectfully pointed out that plaintiffs' counsel has not submitted any sworn statements or affidavits in the opposition, but has merely relied upon his own memorandum of law.

4. Both plaintiffs argue that their hostile work environment Title VII claims are not time-barred and are legally sufficient.

5. Both plaintiffs are relying on Cosgrove's filing of a "Charge" with the E.E.O.C. Plaintiffs assert that Cosgrove filed the "Charge" on May 18, 2010, as attached under the document entitled "Notice of Charge of Discrimination", dated May 18, 2010, in their moving papers, contained in Exhibit "2".

    Defendants assert that the filing date is contained under the document entitled "Charge of Discrimination", dated November 17, 2010, in defendants' moving papers, in our Exhibit "2".

    A comparison of the above two exhibits in conjunction with plaintiffs' Exhibit "2" of their Opposition papers, (exhibit is entitled "Intake Questionnaire), clearly shows that Cosgrove submitted an unsworn, non-detailed statement on May 7, 2010 to the E.E.O.C.   As a result a "Charge" was not attached to the E.E.O.C. May 18, 2010 Notice of Charge of Discrimination, but rather was clearly marked that "Copy of Charge will Follow".

    The actual "Charge" by Mrs. Cosgrove, is actually shown in defendants Exhibit "2" of our moving papers, as Cosgrove had now submitted to the E.E.O.C., a sworn, detailed affidavit, sworn on November 17, 2010.

As a result, it is the above November 17, 2010 document, entitled "Charge of Discrimination", which contains a sworn statement, detailing her allegations which not only meets the requirements of a "Charge", but is legally the "Charge". Plaintiffs attempts notwithstanding, they simply cannot claim that a "Notice of Charge of Discrimination" is the Charge in the case when there is a document, entitled "Charge of Discrimination", fully sworn to and detailed, dated November 17, 2010.

Based upon the above, the 300 day cutoff date is January 17, 2010 and as a result, these claims are time-barred.

Even if the Court were to decide otherwise and rule July 12, 2009 as the cut-off date, plaintiffs' claims favor no better.

Plaintiff Cosgrove's listed acts after July 12, 2009, essentially include acts which she claims are disrespectful, exercise control, stressful or interfered with her personal. None of these acts, as previously shown, are legally sufficient to maintain a hostile work environment claim. Plaintiff Salerno lists no applicable acts after the above date.

6. Plaintiff Cosgrove claims that her quid pro quo Title VII sex discrimination claim is neither time-barred or legally insufficient. Plaintiff again argues that the proper E.E.O.C. filing date was May 18, 2010 and that her claim is legally sufficient. As such, her claim should not be dismissed.

Counsel has already argued when the 300 day cut-off begins. As a result, this also has the legal effect of negating this claim. Additionally, this claim revolves from the

alleged driveway incident in early 2008 and is thus, clearly time-barred as well. Finally, the lack of legal sufficiency was already shown in movant's papers.

7. Plaintiff Salerno opposes defendants' motion to dismiss her Title VII Retaliation claim by asserting it is neither time-barred or legally insufficient.

8. However, defendants maintain that under any circumstances her singular filing of a Sexual Harassment Complaint on May 3, 2008 is clearly time-barred. This plaintiff has provided no additional information in her original complaint or in the amended complaint and thus, this claim must also be dismissed.

Claiming that the defendants have engaged in an improper policy both plaintiffs have asserted an equal protection claim pursuant to 42 U.S.C. Section 1983. However, amongst other factors, for plaintiffs to prevail they still must show that there are others similarly situated as themselves. They must allege names, specifics, and details as to any similarly situated people. They have not done so and thus, defendants are entitled to a dismissal of these charges.

Additionally, as plaintiffs have alleged that the County has a policy of transferring male employees purportedly engaged in alleged sexual harassment of women, rather than have prohibited further sexual harassment, this action is further barred by the Statute of Limitations. The original complaint was filed on June 29, 2011 and the amended complaint was filed on October 29, 2011. Since plaintiff's amended complaint alleges that Hasper was transferred and made their supervisor in 2007, this action is also time-barred as a matter of law.

9. All New York State Human Rights Law claims against the County must be dismissed by virtue of both plaintiffs failure to file a Notice of Claim. Despite plaintiffs'

arguments, the County Law, as previously cited, is much broader than the General Municipal Law. Defendants are entitled to a dismissal as outlined in their moving papers.

10. Finally, plaintiffs do concede that they cannot obtain a recovery for punitive damages, against these defendants.

**WHERERFORE**, counsel seeks an Order dismissing the Amended Complaint against the County of Suffolk and the Suffolk County Police Department, and for such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
    January 19, 2012

                Yours, etc.

                DENNIS M. COHEN
                Acting Suffolk County Attorney
                Attorney for Defendants
                County of Suffolk and Suffolk
                County Police Department
                Office & P.O. Address
                H. Lee Dennison Building
                100 Veterans Memorial Highway
                P.O. Box 6100
                Hauppauge, NY 11788-0099
                (631) 853-4049

          By: *CHRIS P. TERMINI*
             CHRIS P. TERMINI
             Assistant County Attorney

TO: O'Brien & O'Brien, LLP
  Attorneys for Plaintiffs
  168 Smithtown Blvd.
  Nesconset, New York 11767
  (631) 265-6660

  Leeds, Morelli & Brown, P.C.
  Attorneys for Defendant

William F. Hasper
One Old Country Road, Suite 347
Carle Place, New York  11541
(516) 873-9550
Attn. Matthew Weinick, Esq.