UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

ELIZABETH      COSGROVE      and      LAURIE
SALERNO,

Plaintiffs,                                                    Docket No. 11 Civ. 3112 (JFB) (GRB)

                v.

COUNTY  OF  SUFFOLK,  SUFFOLK  COUNTY
POLICE  DEPARTMENT,  and  LT.  WILLIAM  F.
HASPER,

Defendants.

--------------------------------------------------------------------x

## PROPOSED JOINT PRE-TRIAL ORDER

1.      The original full caption of the action is set forth above.

2.      **Trial Counsel**:

Vesselin Mitev
John Ray
RAY, MITEV & ASSOCIATES
*Attorneys for Plaintiffs*
122 North Country Road
P.O. Box 5440
Miller Place, NY 11764
(631) 473-1000
Email: raymitevlaw@gmail.com

Steven Stern
Mark A. Radi
SOKOLOFF STERN LLP
*Attorneys for Defendant Lt. William F. Hasper*
179 Westbury Avenue
Carle Place, NY 11514
Phone: (516) 334-4500
Fax: (516) 334-4501
Email: sstern@sokoloffstern.com; mradi@sokoloffstern.com

Megan O'Donnell
SUFFOLK COUNTY ATTORNEY'S OFFICE
*Attorneys for Defendant County of Suffolk*

H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788
Phone: (631) 853-6187
Fax: (631) 853-5306
Email: megan.o'donnell@suffolkcountyny.gov

3.      **Statement of Subject Matter Jurisdiction**:

Plaintiffs' maintain the Court's jurisdiction is invoked pursuant to: 28 U.S.C. § 1331 (original jurisdiction), § 1367 (supplemental jurisdiction over related claims), and § 1343 (a)(3) (original jurisdiction over cases involving allegations of the deprivations of civil rights under Congressional acts/laws of the United States); 42 U.S.C. §2000e -e5(f)(3). This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, as amended, 42 U.S.C. § 1981(a), 42 U.S.C. § 1983, and the Executive Law of the State of New York, 296 (6), to redress various allegations of the Plaintiffs' of their deprivation of their civil rights by Defendants County and Defendant Hasper.  The Court's jurisdiction over this matter has further been confirmed by the motion practice that has taken place in this case, including a motion to dismiss and a motion for summary judgment (denied in part and granted in part).

Defendants maintain this Court lacks jurisdiction over plaintiffs' Title VII claims due to their failure to exhaust administrative remedies and plaintiffs' state law claims for failure to timely serve notices of claim. (Title VII and NY Gen. Mun. Law §§ 50-e, 50-i).

4.      **Summary of Claims and Defenses**:

**Plaintiffs' Summary of Claims to be Tried**:

As to **Plaintiff Cosgrove**:
1)  Hostile Work environment under Title VII, 42 U.S.C. § 2000-e2(a) (hereafter Title VII) against the County;
2)  Hostile Work environment against Hasper under N.Y. Exec. Law § 296(6);

3) *Quid Pro Quo discrimination under Title VII against the County (Defendants Granted Summary Judgment on this cause of action by Order dated 9/30/15);
4) *Quid Pro Quo discrimination under N.Y. Exec Law § 296 (1) against the County (Defendants Granted Summary Judgment on this cause of action by Order dated 9/30/15);
5) *Quid Pro Quo discrimination under NY Exec Law §§ 296(6) and 296(7) against Hasper; (Defendants Granted Summary Judgment on this cause of action by Order dated 9/30/15);
6) Sexual harassment in violation of the Equal Protection Clause under 42 U.S.C. § 1983 against Hasper.

As to **Plaintiff Salerno**:
1) Hostile Work environment under Title VII against the County;
2) Hostile Work environment under N.Y. Exec. Law § 296(6);
3) Retaliation under Title VII, 42 U.S.C. § 2000-e3(a) against the County;
4) Retaliation under N.Y. Exec. Law §§296(6) & (7) against Hasper;
5) Sexual harassment in violation of the Equal Protection Clause of the 14th Amendment, pursuant to 42 U.S.C. § 1983 against Hasper;
6) *Sexual harassment in violation of the Equal Protection Clause of the 14th Amendment, pursuant to 42 U.S.C. § 1983 against the County. (Defendants Granted Summary Judgment on this cause of action by Order dated 9/30/15);

**<u>Defendants' Summary of Claims and Defenses to be Tried</u>**:

- The issues to be tried are 1) whether defendants discriminated against plaintiffs on the basis of gender; 2) whether defendants retaliated against plaintiff Salerno for having engaged in protected activity under Title VII and the state Human Rights Law; and 3) whether Lt. Hasper treated plaintiffs differently from similarly situated male employees.

- Defendants maintain there is no evidence that plaintiffs suffered a hostile work environment.

- Defendants maintain there is no evidence that Lt. Hasper's employment actions were on account of gender.

- Defendants maintain there is no evidence that plaintiff Cosgrove was constructively discharged.

- Defendants maintain there is no evidence that plaintiffs suffered any adverse actions under the law.

- Defendants maintain there is no evidence that Lt. Hasper's alleged actions were in retaliation for any protected activity by plaintiff Salerno.

- Defendants had legitimate business reasons for any adverse employment actions taken against plaintiffs.

- The County exercised reasonable care to prevent and promptly correct the alleged discriminatory behavior and plaintiffs unreasonably failed to take advantage of the preventive and corrective opportunities provided by the County, or to avoid harm otherwise.

- Lt. Hasper was acting within the scope of his employment with regard to all of the complained of employment actions.

- There is no evidence that Lt. Hasper's alleged actions were motivated by evil or discriminatory motive or intent or by reckless or callous indifference to plaintiffs' rights.

**Claims and Defenses Previously Asserted that are Not to be Tried**:

- This Court dismissed both plaintiffs' state Human Rights Law discrimination and retaliation claims against the County by oral ruling issued on February 15, 2013.

- The Court dismissed plaintiff Cosgrove's Title VII and Human Rights Law quid pro quo claims against all defendants, both plaintiffs' § 1983 equal protection claims against the County.

- This Court dismissed plaintiffs' requests for punitive damages under the state Human Rights Law by oral ruling issued on September 30, 2015.

5.     Plaintiffs submit that the case is to be tried by a jury and expects their case in chief to require 6 days for trial.

Defendants demand a trial by jury. Defendants estimate their case in chief will last approximately 5 days.

6.     The parties have not agreed to consent to trial of this case by a Magistrate Judge.

7.     **Stipulations and Agreed Statements of Fact and Law**:

- By reference to the parties' submitted Rule 56 statement (attached herein), the following facts are agreed upon: those facts listed in Defendants' Joint 56.1 Statement paragraphs numbered:

    1, 2, 3, 4, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 26, 28, 29, 33, 39, 40, 46, 52, 53, 54, 55, 57, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71,

74, 75, 76, 77, 78, 85, 86, 87, 89, 90, 91, 92, 93, 94, 96, 98, 99, 101, 103, 105, 106, 107, 112, 113, 116, 117, 118, 119.

8.    **Witness List**:

**Plaintiffs' Witnesses**:

Plaintiff anticipates that they will call some or all of the following witnesses, in no particular order, whether on the Plaintiffs' case in chief or on rebuttal.  It is anticipated the following witnesses will be called to testify in person unless noted otherwise:

> Elizabeth Cosgrove (in person)
> Laurie Salerno (in person)
> Bettie Bunton  (in person)
> Joan Montserrate (in person)
> William Hasper (in person)
> Nancie Byrne (deposition) (Defendants object to the use of EBT on plaintiffs' case in chief)
> Robert Brown (deposition) (Defendants object to the use of EBT on plaintiffs' case in chief)
> Thaddeus Nieves (deposition) (Defendants object to the use of EBT on plaintiffs' case in chief)
> Jack Petrowski (in person)
> Monica Gruenheid (in person)
> Dr. Adam Beckerman (in person)
> Sebastian Chiaramonte (in person)
> Jean Quaranto (in person)
> Pam Kalieta    (in person)
> Lily Mazza (in person)
> Dave Taormina (in person)
> Lou Molinari (in person)
> Pete Conti (in person)
> Sandra Lazinsky (in person)
> William Schneider (in person)
> William Wahl (in person)
> John Carson (in person)
> Janine Keleghan  (in person)
> Mannie Sorokin (in person)
> Mike Flood (in person)
> Mike Wahl (in person)
> Richard Whitaker  (in person)
> William Blaschuk (in person)
> William Doppins (in person)

As to Defendants' various objections, Plaintiffs counter and reserve that same would be admissible under many exceptions to the hearsay rule, including but not limited to the state of mind exception, serving to complete a statement or a narrative, as a prior inconsistent statement, for impeachment purposes, to refresh a witness' recollection, or any other applicable counter to any competent objection that may be raised at trial.

Plaintiffs further reserve the right to call some or all of the individuals listed in Defendants' list of trial witnesses, and reserve the right to call any witnesses necessary to provide a foundation for and/or authentication of any and all exhibits, and such rebuttal witnesses that may become necessary depending upon the testimony and evidence elicited by Defendants during the trial of this matter.

Plaintiffs have not designated expert witnesse(s) in this action.

**Defendants' Witnesses**:

Defendants reserve the right to call some or all of the individuals listed in plaintiffs' list of trial witnesses.  Defendants further reserve the right to call any witnesses necessary to provide a foundation for and/or authentication of any and all exhibits, and such rebuttal witnesses that may become necessary depending upon the testimony and evidence elicited by plaintiffs during the trial of this matter.

Defendants may call one or more of the following witnesses at trial to testify as to the allegations in the Second Amended Complaint and the alleged damages suffered.  It is anticipated the following witnesses will be called to testify in person unless noted otherwise, however defendants reserve the right to offer deposition testimony of any witness that fails to, or

cannot, appear.  Defendants reserve the right to call some or all of the following witnesses to testify:

> Elizabeth Cosgrove
> Laurie Salerno
> Lt. William Hasper
> Lt. John Petrowski
> Richard Whitaker
> Michael Flood
> John Carson
> Betty Bunton
> Joan Monteserrato
> Monica Gruenheid
> Mannie Sorokin
> William Schneider
> William Wahl
> Sgt. Nancie Byrne
> Insp. Thaddeus Nieves
> Insp. Robert Brown
> Frederick Sales
> Gerard Pembroke
> Sgt. Christine Keeney
> Janine Keleghan
> Michael Montovano
> Capt. Alexander Crawford
> Maureen Looby
> Janet LaCascia

Defendants have not designated an expert witness to testify in this action.

    9.     **Designation of Deposition Testimony**:

**<u>Plaintiffs' Designations</u>**:

Plaintiffs intend to offer certain portions of the EBT testimony of Nancie Byrne, Robert Brown, Thaddeus Nieves, and William F. Hasper to the extent it becomes necessary at trial, whether for impeachment or on their case in chief.

Defendants object to the use of Byrne's, Brown's, and Nieves' deposition testimony on plaintiffs' case in chief unless those witnesses are unavailable as defined by the Federal Rules of Evidence.

Plaintiffs counter and reserve that same would be admissible under many exceptions to the hearsay rule, including but not limited to the state of mind exception, serving to complete a statement or a narrative, as a prior inconsistent statement, for impeachment purposes, to refresh a witness' recollection, or any other applicable counter to any competent objection that may be raised at trial

**Defendants' Designations**:

Defendants reserve the right to designate the deposition testimony of any witness should a witness become unavailable as defined by the Federal Rules of Evidence or if necessary to impeach a witness.  Defendants object to the Plaintiffs' use of deposition testimony of any witness on their case in chief if such evidence is inconsistent with Federal Rules of Evidence.

10.     a) A statement of stipulated facts is set forth in ¶ 7.

b) **Plaintiffs' Exhibits**:

1. First, First Amended, and Second Amended Complaint (Defendants object to the use of the complaints on Plaintiffs' case in chief as irrelevant, and hearsay)
2. Internal SCPD complaint and attachments by Cosgrove
    2a. Letter by Dormer to Cosgrove offering her position back
3. Internal SCPD complaint by Salerno
4. Video of SCPD sexual harassment training
5. Portion of Suffolk County manual prohibiting sexual harassment/hostile work environment in the work place
6. Written reprimands of Cosgrove by Hasper dated 8/27/09; 9/2/09
7. Discipline by Hasper of Cosgrove for phone usage
8. Portions of the sign-in book (for impeachment/rebuttal)
9. Time sheets of Laurie Salerno (for impeachment/rebuttal)
10. Notes taken by Nancie Byrne during her investigation of the complaints (for impeachment/rebuttal and/or case-in-chief)
10 a. Notes/forms filled out by Robert Brown during his investigation of the Plaintiffs' complaints (for impeachment/rebuttal and/or case-in-chief)

11. Portions of the EBT of Nancie Byrne (for impeachment/rebuttal and/or case-in-chief) (Defendants object to the use of the deposition testimony on plaintiffs' case in chief as hearsay)

12. Portions of the EBT of Robert Brown (for impeachment/rebuttal and/or case-in-chief) (Defendants object to the use of the deposition testimony on plaintiffs' case in chief as hearsay)

13. Portions of the EBT of William Hasper for impeachment/rebuttal and/or case-in-chief(Defendants object to the use of deposition testimony that is inconsistent with the Fed. Rules of Evidence).

14. Portions of the EBT of Thaddeus Nieves (for impeachment/rebuttal and/or case-in-chief) (Defendants object to the use of the deposition testimony on plaintiffs' case in chief as hearsay)

14. Portions of the journal/notes kept by Laurie Salerno turned over in discovery (Defendants object to the use of Salerno's notes on Plaintiffs' case in chief as hearsay)

15. Portions of the journal/notes kept by Elizabeth Cosgrove turned over in discovery(Defendants object to the use of Salerno's notes on Plaintiffs' case in chief as hearsay)

16. Declarations of Kelleghan, Petrowski, Sorokin, Crawford (for impeachment/rebuttal)

15. IA file on William Hasper, including its findings (Defendants object to the entire file on Plaintiffs' case in chief as irrelevant, and hearsay. Defendants also object to the use of the entire file for impeachment purposes as the entire file is not relevant or probative of the issues, unduly prejudicial to defendants, and may confuse the jury).

As to Defendants' various objections, Plaintiffs counter and reserve that same would be admissible under many exceptions to the hearsay rule, including but not limited to the state of mind exception, serving to complete a statement or a narrative, as a prior inconsistent statement, for impeachment purposes, to refresh a witness' recollection, to establish bias, motive, and/or to attack credibility, which are always relevant areas of inquiry, or any other applicable counter to any competent objection that may be raised at trial

**Defendants' Exhibits (to be used on their case in chief)**

1. Plaintiffs' complaint with exhibits, filed on June 29, 2011;
2. Plaintiffs' amended complaint with exhibits, filed on October 29, 2011;
3. Plaintiffs' second amended complaint with exhibits, filed on March 28, 2012;
4. Cosgrove EEOC Charge of Discrimination with attached affidavit, dated November 17, 2010;
5. Cosgrove resignation form dated November 20, 2009;
6. Employee Rights Form signed by Cosgrove dated December 8, 2009;

7.  Cosgrove Sexual Harassment Complaint Form with attachment, dated December 21, 2009;
8.  Cosgrove memo to Lt. Holvik with 10-page attachment, dated March 3, 2010;
9.  Letter from Commissioner Richard Dormer to Cosgrove dated April 9, 2010;
10. Salerno Discrimination Complaint Form with attachment, dated May 2, 2008;
11. Cosgrove EEOC Intake Questionnaire with attachment, dated May 7, 2010;
12. County Dual/Outside Employment Report signed by Cosgrove, dated October 14, 2003;
13. County Outside Employment Record signed by Cosgrove, dated April 23, 2008;
14. Acknowledgment of review of sexual harassment video, dated August 16, 2007;
15. Memo from Police Chief Moore to Lt. Hasper dated March 27, 2008;
16. SCPD Internal Correspondence from Personnel Section to Lt. Hasper dated April 14, 2008;
17. SCPD Internal Correspondence from Lt. Hasper to Chief Moore dated May 3, 2008;
18. Written Reprimand to Cosgrove dated September 8, 2009;
19. SCPD Internal Correspondence from Cosgrove to Lt. Hasper dated August 18, 2009;
20. Verbal Reprimand to Cosgrove dated September 8, 2009;
21. Sgt. Byrne investigation file regarding Salerno complaint (Ex. A to Byrne deposition);
22. Sgt. Byrne Report of Investigation with attachments, dated September 18, 2008;
23. Employee Rights Form signed by Salerno dated May 2, 2008;
24. SCPD Academy training transcripts for Salerno, Gerard Pembroke, William Schneider, Mannie Sorokin, Michael Flood, William Wahl, and Richard Whitaker;
25. In-Service Training Attendance Record dated April 14, 2008;
26. SCPD Internal Correspondence from Lt. Hasper to Chief Moore dated January 6, 2008;
27. Email correspondence between Lt. Hasper and Insp. Nieves dated March 31-April 1, 2009;
28. Email from Lt. Hasper to Chief Moore dated January 5, 2008;
29. SCPD Patrol Division Special Order dated October 31, 2007;
30. SCPD overtime and attendance records for Salerno, John Carson, Michael Flood, Lt. Hasper, Gerard Pembroke, William Schneider, Mannie Sorokin, William Wahl, and Richard Whitaker;
31. SCPD attendance records for Cosgrove, Gruenheid, Monteserrato and Bunton.

32. SCPD Internal Correspondence from Lt. Hasper to Chief Moore dated December 7, 2007;
33. SCPD Internal Correspondence to Chief Moore from Lt. Hasper dated May 16, 2008;
34. SCPD Internal Correspondence from Salerno to Lt. Hasper dated January 9, 2008;
35. SCPD Internal Correspondence from Lt. Hasper to Chief Moore dated November 3, 2008;
36. Email correspondence between Lt. Hasper and Insp. Nieves dated March 24, 2009;
37. Lt. Hasper notes regarding Salerno tour change dated January 11, 2008;
38. SCPD Uniform policy effective May 1, 2008;
39. Note and prescription from Dr. Oreste Joseph Bruni dated May 2, 2008;
40. Email correspondence between Lt. Hasper and Insp. Mojica dated May 5, 2008;
41. Email correspondence between Lt. Hasper and Insp. Mojica dated May 8, 2008;
42. SCPD directive promoting Lt. Hasper effective July 16, 2007;
43. Sgt. Byrne investigation file regarding Cosgrove complaint (Ex. C to Byrne deposition);
44. Sgt. Byrne Sexual Harassment Report of Investigation with attachments, dated June 16, 2010;
45. Disciplinary record summary for Cosgrove;
46. Written Reprimand to Cosgrove dated October 14, 2009;
47. Verizon phone bill dated October 1, 2009;
48. Department Directive promoting Cosgrove effective March 17, 2008;
49. Email correspondence between Insp. Nieves, Maureen Looby, and Lt. Hasper dated October 14-16, 2009;
50. Email correspondence between Janine Keleghan and Lt. Hasper dated October 16, 2009;
51. Email from Insp. Nieves to Lt. Hasper dated October 20, 2009;
52. SCPD Internal Correspondence from Lt. Hasper to Capt. Nieves dated October 13, 2009;
53. Fax from Capt. Nieves to Lt. Hasper regarding Cosgrove phone calls to NYPD with attachment; dated October 13, 2009;
54. Fax from Lt. Hasper to NYPD regarding Cosgrove phone calls dated October 14, 2009;
55. Email from Insp. Mojica to Lt. Hasper dated October 17, 2007;
56. Email from Insp. Nieves to Lt. Hasper dated October 24, 2007;
57. Email from Insp. Nieves to Lt. Hasper dated October 26, 2007;
58. Email from Insp. Mojica to Lt. Hasper dated October 29, 2007;
59. Email from Lt. Hasper to Ins. Nieves dated October 29, 2007;
60. Salerno Report of Name Change dated June 2, 2008;
61. NYPD investigation report dated October 29, 2009;
62. Salerno response to County interrogatories dated March 18, 2014;
63. Cosgrove response to County interrogatories dated March 17, 2014;

64. PBA agreement (Ex. N to defendants' motion for summary judgment);
65. Agreement of County of Suffolk and Suffolk County Association of Municipal Employees, Inc. (Ex. O to defendants' motion for summary judgment);
66. SCPD discrimination and sexual harassment  Rules and Regulations;
67. SCPD sexual harassment training video;
68. SCPD Outside Employment policy;
69. SCPD Internal Correspondence from Lt. Hasper to Chief Moore dated November 10, 2007;
70. Liaison Unit attendance books for 2007, 2008, 2009, 2010;
71. Letter from Frayler to Salerno dated August 22, 2007;
72. SCPD Internal Correspondence from Salerno to Lt. Strack dated February 6, 2012;
73. SCPD Internal Correspondence from Salerno to Lt. Strack dated November 8, 2010;
74. Salerno medical records produced in discovery;
75. Cosgrove medical records produced in discovery;
76. Cosgrove income information produced in discovery;
77. Salerno personnel file;
78. Cosgrove personnel file;
79. Salerno income information produced in discovery.
80. Time Sheets of all witnesses
81. Audio Recording of Salerno during IA interview (for impeachment or rebuttal)

To the extent Plaintiffs anticipate Defendants laying a proper foundation as to the admissibility of their exhibits, Plaintiffs reserve any foundational objections therein as same may never materialize; Plaintiffs reserve any substantive/procedural objections as to the nature and probative value of any and all of Defendants' exhibits to trial.

c) All exhibits must be pre-marked for the trial and exchanged with the other parties at least ten days before trial.  Where exhibits are voluminous, they should be placed in binders with tabs.

The parties agree that accurate copies of documents may be entered into evidence as if they were original documents.

## RESERVATION OF RIGHTS

Subject to the ruling of this Court, plaintiffs and defendants, by and through counsel, reserve their respective rights to amend and to supplement this Pre-Trial Order with additional exhibits, witnesses, and objections.

Subject to the ruling of this Court, plaintiffs and defendants reserve the right to use any relevant and admissible exhibit identified by plaintiffs' or defendants' exhibit lists whether or not plaintiffs or defendants actually offer such exhibit at the time of trial.

Subject to the ruling of this Court, plaintiffs and defendants reserve the right to object to any of plaintiffs' or defendants' exhibits which have not been provided to either party.

Subject to the ruling of this Court, plaintiffs and defendants respectfully reserve the right to offer for evidence any items, information, and documents exchanged during discovery or obtained pursuant to authorization or subpoena.

Subject to the ruling of this Court, plaintiffs and defendants reserve the right to object to plaintiffs' or defendants' witnesses and exhibits based on relevancy or other evidentiary grounds.

Dated: Carle Place, New York
      January 25, 2016

 

VESSELIN MITEV
RAY, MITEV & ASSOCIATES
*Attorneys for plaintiffs*
122 North Country Road
P.O. Box 5440
Miller Place, NY 11764
(631) 473-1000

_____

MARK A. RADI
SOKOLOFF STERN LLP
*Attorneys for Defendant Lt. William F. Hasper*
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 150040


_____ *Megan O'Donnell* _____

MEGAN O'DONNELL
SUFFOLK    COUNTY    ATTORNEY'S
OFFICE
*Attorneys for Defendant County of Suffolk*
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788
(631) 853-6187